## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHARLES E. FRIERSON, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-21-245-R** |
| | ) | |
| **JIM FARRIS, Warden** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

Before the Court is Magistrate Judge Shon T. Erwin's Report and Recommendation entered on October 20, 2021. Doc. No. 17. Petitioner acting *pro se* filed a timely Objection on November 8, 2021. Doc. No. 20. On *de novo* review, the Court adopts the Report and Recommendation and GRANTS the Motion to Dismiss Mr. Frierson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as untimely.

On January 11, 2017, a jury in Oklahoma County District Court convicted Petitioner on three drug charges and a charge of possessing a firearm during commission of a felony. Doc. No. 17 at 1. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on August 30, 2018. *Id.* Following his conviction, on September 17, 2018, Mr. Frierson untimely filed a Motion for Suspended Sentence pursuant to 22 O.S. § 994, and the state court never ruled on it. *Id.* at 4. On March 19, 2019, Petitioner was assaulted and

stabbed while in prison by other inmates. *Id.* at 8. He seems to have been hospitalized and was treated for blindness in his left eye. *Id.* [1]

Although it is uncertain how long his recovery period was, Mr. Frierson filed a *pro se* Application for Post-Conviction Relief with the Oklahoma County District Court on October 11, 2019. *Id.* at 1–2. The state trial court granted the state's motion to strike because the application exceeded the 20-page limit set out in Rule 37(B) of the applicable court rules. *Id.* Mr. Frierson amended his application and resubmitted it on October 30, 2019. *Id.* at 1–2. Once again, on January 29, 2020, the state filed a motion to strike the petition for being over the 20-page limit, but on February 11, 2020, Mr. Frierson filed an Amended/Supplement Application for Post-Conviction Relief that complied with Rule 37(B) before the state trial court ruled on the motion. *Id.* The state court denied his application on September 15, 2020, and the OCCA affirmed the denial of Petitioner's application on January 22, 2021. *Id.* Mr. Frierson then filed the instant habeas petition on March 17, 2021.[2] *Id.*

Judge Erwin recommends the Court dismiss the petition as untimely. *Id.* at 11. He bases his recommendation on the Antiterrorism and Effective Death Penalty Act ("AEDPA"), under which Mr. Frierson had a one-year period to file his habeas petition, absent tolling. *Id.* at 2–3. Because Petitioner failed to properly file his state court motion

---

[1] Petitioner has not provided evidence establishing all the details of this assault in his filings. However, he has provided evidence of his eye treatment. Doc. No. 20-1.

[2] The Court's electronic filing system shows that the Clerk of Court filed Mr. Frierson's petition on March 22, 2021, however "[t]he prison mailbox rule . . . holds that a *pro se* prisoner's [filing] will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005). Mr. Frierson gave his petition to prison officials for mailing on March 17, 2021, which makes this the filing date.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). Because Petitioner did not seek review in the United States Supreme Court, his conviction became final on November 28, 2018—90 days following the OCCA's August 30, 2018 affirmance of Mr. Frierson's conviction. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Petitioner consequently had until November 29, 2019, to file his petition for writ of habeas corpus pursuant to Section 2254, unless otherwise tolled.

To toll the AEDPA's statute of limitations, Petitioner must have "properly filed" an application for state post-conviction relief or other collateral review regarding the pertinent judgment or claim before the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2). Petitioner's objection focuses on his October 30, 2019 Application for Post-Conviction Relief. He claims this document was properly filed, as it was under the 20-page limit if his signature page and first page are not counted. He also argues the state court never granted a motion to strike or otherwise ruled on the October 30, 2019 application, and so the Court should find this application was properly filed.

In determining whether Petitioner properly filed his October 30, 2019 application, the Court looks to Rule 37(B) of the Official Court Rules of the Seventh Judicial and Twenty-Sixth Administrative Districts, comprised of Oklahoma and Canadian Counties. It provides:

> All motions, applications and responses thereto, including briefs, . . . shall not exceed twenty (20) pages in length, excluding exhibits, without prior permission of the assigned judge. Reply briefs shall be limited to five (5) pages in length. Page limitations herein exclude only the cover, index, appendix, signature line and accompanying information identifying attorneys and parties, and certificate of service. No further briefs shall be filed without prior permission of the assigned judge.

Rule 37(B).   Judge Erwin examined Petitioner's October 30, 2019 application and concluded it was clear the motion violated Rule 37(B) by being longer than 20 pages and that Petitioner could have filed a proper application before expiration of the one-year statute of limitations. Doc. No. 17 at 6.

The Court agrees and adopts Judge Erwin's reasoning on the October 30, 2019 Application for Post-Conviction Relief. Regardless of the fact that the District Court of Oklahoma County never ruled on the State's January 29, 2020 Motion to Strike, such a ruling is unnecessary in determining whether an application is properly filed. In the Tenth Circuit, courts "look only at state procedural filing requirements and not at whether a state court ultimately determined the application to be procedurally barred" *Gibson v. Klinger*, 232 F.3d 799, 805 (10th Cir. 2000). The Court has looked at Mr. Frierson's October 30, 2019 application and concludes that it is over the 20-page limit. The Court therefore adopts the Report and Recommendation and finds the October 30, 2019 motion did not statutorily toll the one-year AEDPA limitations period.

5

Moreover, even if the Court were to find Mr. Frierson had "properly filed" his October 30, 2019 Application for Post-Conviction Relief and tolled the AEDPA's statute of limitations, he still would be time barred from pursuing the instant petition. "Statutory tolling stops the running of the limitations period during the pendency of any 'properly filed application for State post-conviction or other collateral review." *Levering v. Dowling*, 721 F. App'x 783, 786 (10th Cir. 2018) (quoting 28 U.S.C. § 2244(d)(2). "The statutory tolling period ends the day the [OCCA] denies review[.]" *Trimble v. Hansen*, 764 F. App'x 721, 724 (10th Cir. 2019) (citation omitted). Here, Petitioner had approximately one month after the OCCA affirmed the denial of his Amended/Supplement Application for Post-Conviction Relief on January 22, 2021, to file the instant habeas petition. Mr. Frierson filed his petition on March 17, 2021—well after the one month remaining on his statutory filing period had passed. Thus, regardless of whether Petitioner "properly filed" his October 30, 2019 Application for Post-Conviction Relief, he is time barred from pursuing the instant habeas petition.

Mr. Frierson next objects that the Court should equitably toll the limitations period because prison officials allegedly interfered with his legal mail during his attempted filing of a Motion for Suspended Sentence in September of 2018. He also argues the limitations period should be equitably tolled because of the severe injuries he suffered stemming from an assault while Petitioner was in prison in March of 2019. The AEDPA limitations period may be subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 634 (2010). Mr. Frierson is "entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

timely filing." *Id*. at 649 (internal quotation marks omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id*. at 653 (quotation marks citations omitted). Extraordinary circumstances that could warrant equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Mr. Frierson "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Petitioner raises his interference claim regarding his September 2018 Motion for Suspended Sentence for the first time in his objection. "'In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.'" *Kearns v. Colvin*, 633 F. App'x 678, 681 (10th Cir. 2015) (quoting *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001)). Petitioner has thus waived any argument regarding prison interference with his September 17, 2018 Motion for Suspended Sentence as a basis for equitable tolling.

The merits of Mr. Frierson's legal mail interference claim also do not entitle him to equitable tolling. "[E]ven if Petitioner's claim of prison interference with his legal materials and legal mail are extraordinary circumstances justifying equitable tolling, his failure to diligently pursue his federal claims makes tolling unjustified." *Kerchee v. Jones*, No. CIV-10-1128-R, 2011 WL 305847, at *6 (W.D. Okla. Jan. 7, 2011), *report and recommendation adopted,* 2011 WL 308958 at *4 (W.D. Okla. Jan. 27, 2011). Here, the alleged interference took place over a year before the expiration of the AEDPA's limitation

period. Petitioner filed multiple documents in the state court after the alleged interference with his legal mail. His ability to effectively mail legal documents after September 2018 demonstrates that Mr. Frierson had the ability to diligently pursue his claims but failed to do so properly. The Court therefore declines to equitably toll the limitations period based on the merits of Petitioner's interference theory.

Finally, Petitioner has provided evidence that he was severely injured while in prison during March of 2019, and that he was being treated for his injuries at least until December 2020. Judge Erwin recommends the Court reject Mr. Frierson's argument because he had approximately six months before the assault to diligently pursue his claims. Doc. No. 17 at 8–9. Additionally, Petitioner was actively litigating his Application for Post-Conviction Relief by October 11, 2019. Mr. Frierson was thus evidently healthy enough to file two applications for post-conviction relief with the state court before the expiration of the limitations period. The Court consequently does not see his injuries as extraordinary circumstances that prohibited Mr. Frierson from properly filing an application for post-conviction relief that would have statutorily tolled the limitations period. *See White v. Roberts*, 605 F. App'x 731, 734 (10th Cir. 2015) (holding a petitioner's hospitalization was not an extraordinary circumstance justifying equitable tolling of the AEDPA limitations period when the petitioner subsequently filed a lawsuit *pro se* prior to the limitations period expiring).

Rule 11 of the Rules Governing Section 2254 Cases requires "[t]he district court [to] . . . issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." The Court may issue a COA only if the defendant "has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, it may not issue a COA unless the prisoner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. at 484. Here, Mr. Frierson has not made a requisite showing that a reasonable jurist could conclude that the Court was incorrect in dismissing his petition based on the statute of limitations, nor that his petition should be allowed to proceed further. Therefore, the Court declines to grant a certificate of appealability.

Having conducted the requisite *de novo* review of Petitioner's objection to the Report and Recommendation, the Court finds that the instant petition was not timely filed. Therefore, the Respondent's motion to dismiss is granted. The Report and Recommendation is hereby adopted and the matter is DISMISSED with prejudice.

IT IS SO ORDERED on this 15th day of December 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE